**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHEROSCO BREWER,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02309-SHL-atc |

**ORDER DISMISSING COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART, GRANTING LEAVE TO AMEND CERTAIN CLAIMS, AND DENYING MOTION TO BEGIN DISCOVERY**

On March 18, 2025, Plaintiff Cherosco Brewer, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons ("BOP") register number 18898-033, filed a *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, *et seq.*; the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*; the Declaratory Judgment Act, 28 U.S.C. § 2201; and the Fifth Amendment to the United States Constitution. (ECF No. 2 at PageID 2-4.) From July 24, 2025, through April 27, 2026, Brewer filed four motions to supplement that provide updates about his medical condition and the status of his administrative tort claim. (*See* ECF Nos. 8, 9, 11, 13.) On April 27, 2026, Brewer filed a Motion to Begin Discovery. (ECF No. 14.)

For good cause, the motions to supplement are **GRANTED**. The Complaint, the motions to supplement, and attached exhibits are **CONSOLIDATED** (the "Consolidated Complaint," ECF Nos. 1, 8, 9, 11, 13) for screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, *et seq*. The Motion to Begin Discovery (ECF No. 14) is **DENIED** as premature.

The Complaint is **DISMISSED** for failure to state a claim. However, leave is **GRANTED** to amend Brewer's APA claim and his request for relief under the Declaratory Judgment Act.

**BACKGROUND**

Brewer alleges that the United States is liable for personal injuries and damages based on the wrongful acts, negligence, and/or omissions of its employees at the BOP related to the denial of appropriate medical treatment and care. (*See* ECF No. 2 at PageID 2–3.) He alleges that he has high blood pressure, Stage 3 Chronic Kidney Disease, a 9-mm kidney stone, and an undescended testicle, all of which cause pain, chronic chest pain, anxiety, and depression. (*Id.* at PageID 3–4.) Brewer asserts that he has been denied medication, therapy, a specialist and follow-up care, and that his health is deteriorating. (*Id.* at PageID 3.) He asserts that the BOP will not spend the money to properly treat prisoners with complex medical issues. (*Id.*)

Brewer asserts that, on April 7, 2022, a urologist "considered" microscopic denervation of the right spermatic cord for Brewer's undescended testicle. (*Id.* at PageID 3-4.) He did not have another urology consult until January 18, 2024, although he alleges that he has suffered with chronic pain. (*Id.*) The urologist at the 2024 consult considered an EMG, but Brewer's blood pressure was "not at goal." (*Id.* at PageID 4.) Brewer was told to start another medication. (*Id.*) He complains that "[n]othing is being done month after month" to address his health issues because of the cost. (*Id.*) He has not had surgery for the kidney stone or lithotripsy. (*Id.* at PageID 3.) A nephrology evaluation by Dr. Mohammed B. Khan[1] showed that Brewer's blood pressure was 210/107, which Brewer contends is evidence that he is not getting proper medical treatment after years of complaints and worsening kidney disease. (*Id.*)

---

[1] Brewer attaches the "medical chart review" and notes from the April 29, 2024 exam by Dr. Khan. (*See* ECF No. 2-1 (sealed).)

Brewer complains that Dr. Gill, a physician at FCI Memphis who Brewer claims has not passed her Foreign Graduate Medical Exams and is not licensed in any state (*see* ECF No. 13 at PageID 50), prescribed Propranolol, a beta blocker for hypertension, and Duloxteine, a select serotonin re-uptake inhibitor for depression. (ECF No. 2 at PageID 4.) Brewer asserts that both medicines can slow the heart rate and can be deadly when used together. (*Id.*) Brewer alleges that Gill prescribed Duloxetine "knowing that Brewer couldn't tolerate this combination of medicines." (*Id.*) Brewer requested a diuretic for swelling in his legs, which Gill refused; however, a specialist ordered the needed medications. (*Id.*) For over a month, Brewer contends that he had untreated high blood pressure. (*Id.*) He states that Gill is horrible at treating complex hypertension and could have put him on a diuretic with Amlodipine to lower his blood pressure and reduce the swelling. (*Id.*)

Brewer alleges that the BOP staff in the medical department have breached their duty by failing to "use due care" and that they are the sole and proximate cause of his continued medical injury. (*Id.*) He alleges that as a direct and proximate result of the BOP medical staff's actions, he incurred "personal injuries that caused [him] to suffer great emotional distress, anxiety, grief, and testicular pain, chronic kidney disease (CKD), chronic pain, all or some of which may be permanent, all to Plaintiff's damage." (*Id.*) He continues to suffer physical and emotional pain and distress. (*Id.*)

Brewer filed an administrative tort claim, Claim No. TRT-MXR-2025-02580, on or about November 21, 2024. (*Id.* at PageID 2.) He states that, via correspondence dated January 23, 2025, the BOP did not offer settlement. (*Id.*)

On July 3, 2025, the BOP denied the administrative tort claim. (ECF No. 8 at PageID 20; *see* ECF No. 8-1.) The BOP determined,

> An investigation into your claim revealed no evidence of a physical injury caused by a negligent or wrongful act of a Bureau of Prisons employee acting within the scope of their employment. Specifically, a review of your medical records shows an extensive history of medical care provided to you by BOP staff and external specialists. You have been counseled concerning your lack of compliance with dietary sodium restriction, fluid intake and adherence to your prescription regimen. When you are compliant and follow medical staff instructions, your conditions are well managed.

(*See id.* at PageID 21.) Brewer asserts that the BOP has "now decided to blame" him for his condition. (ECF No. 8 at PageID 20.) He contends that his medical conditions are not properly treated and have never been "well managed." (*Id.*)

Brewer provides medical records dated May 9, 2025, from Regional One Health, where he was seen for back pain and lower extremity numbness (*see* ECF No. 9-1 (sealed)), and grievances about his medical records and treatment, a response to his grievance, and a request for compassionate release (*see* ECF No. 9-2). He contends that he has never been referred to a nephrologist for his chronic kidney disease and that he has been "periodically referred to outside [d]octors," but "[t]here has never been one treatment." (ECF No. 9 at PageID 24.)

Brewer provides medical records for September 16, 2025, from Regional One Health reflecting an ultrasound related to his chronic kidney disease and uncontrolled hypertension, and lab results from the Federal Medical Center in Butner, North Carolina. (*See* ECF No. 11-1.)

In his most recent supplement, he alleges that he continues to be denied proper treatment and suffers from a large kidney stone. (ECF No. 13 at PageID 50.) He alleges that two inmates, Andre King and "Carlos," have recently been treated for the "same" condition and were "sent out immediately, without delay . . . as soon as they complained." (*Id.*) Brewer alleges that he is repeatedly told "you're on the list to be seen." (*Id.*) He contends that, although Dr. Gill, Health Services Administrator Mr. Martz, and an employee named Mr. Holland are aware of his many illnesses, they continue to deny Brewer proper treatment. (*Id.*) He has been unable to get the

notes from his recent medical consultations with a heart doctor for a stress test on April 2, 2026, and with a nephrologist on April 7, 2026. (*Id.*)

Brewer alleges that the nephrologist changed his blood pressure medication because it "continues to be too high, and is causing continued kidney damage" and "leaking too much protein." (*Id.*) Brewer complained that Dr. Gill wanted to change the blood pressure medication from what the specialist prescribed because the specialist was "an older [d]octor using older medication." (*Id.*) Brewer contends that the specialist asked Gill to send him to a urologist for the kidney stone and wrote that in the notes, which Brewer allegedly does not have access to. (*Id.*)

Brewer alleges that, when he was returning from the kidney doctor, his leg manacles got caught on a step, and he fell when he stepped out the van on a "'new' welded on step." (*Id.*)

Brewer alleges that his blood pressure had not been checked in nine months and that Gill noted a reading of 170/99, saying "that's good for you," although blood pressure "should be 120/70." (*Id.*)

Brewer seeks (1) $2,000,000 in damages for the loss of kidney function and chronic pain; (2) $1,000,000 for "special damages due to emotional distress, anxiety, grief, and Post Traumatic Stress Disorder"; and (3)"[s]uch further relief as the Court finds just and equitable to end the BOP staff Defendant United States abuse and violation of it[]s own policies, Federal Law, and the United States Constitution, not to exceed $5,000,000.00." (ECF No. 2 at PageID 5.)

**APPLICABLE LAW**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C. § 1915A(b).

A screening assessment to determine whether a complaint states a claim on which relief may be granted uses the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the complaint's "well-pleaded" factual allegations are accepted as true and are then used to determine whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). However, conclusory allegations are not assumed to be true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

*Pro se* complaints are accorded more deference than those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and

stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## **ANALYSIS**

### A. FTCA Claim

Brewer brings claims under the FTCA. The FTCA provides a cause of action against the United States for personal injury or death resulting from the negligence or wrongful act or omission of a federal government employee. 28 U.S.C. § 2679(b)(1); *Flechsig v. United States*, 991 F.2d 300, 303 (6th Cir. 1993); *see Jackson v. United States*, 24 F. Supp. 2d 823, 832 (W.D. Tenn. 1998) (citing *Flechsig*, 991 F.2d at 303). Specifically,

> [t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. Thus, the FTCA does not create a new cause of action. *Chomic v. United States*, 377 F.3d 607, 611 (6th Cir. 2004) (citing *Feres v. United States*, 340 U.S. 135 (1950)). The FTCA "merely provided for the acceptance of liability under circumstances that would bring private liability into existence." *Id.* (citing *Feres*, 340 U.S. at 141) (citation modified).

The FTCA requires exhaustion of administrative remedies before filing suit in district court. *See* 28 U.S.C. § 2675(a) (timely filing and denial of an administrative claim with the relevant agency is a jurisdictional prerequisite to bringing suit under the FTCA); *see Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023) ("[A] plaintiff must exhaust administrative remedies before invoking the judicial process."). The presentment requirement is not jurisdictional, but it is a mandatory claims-processing rule. *Id.* at 291, 293. A plaintiff who fails to exhaust "can't cure that failure by exhausting administrative remedies while the suit is pending." *Id.* at 292. To proceed, the plaintiff must reassert his claim in a new action. *Id.* (citing *McNeil v. United States*,

508 U.S. 106, 110–112 (1993)); *see Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 417 (6th Cir. 2024) (same).

Brewer filed an administrative claim on January 6, 2025. (*See* ECF No. 8-1.) The BOP denied the claim on July 3, 2025, and said that he may file suit no later than six months from the date of the letter. (*Id.*) However, Brewer had already filed this suit nearly four months earlier, on March 18, 2025. Thus, Brewer's claim was premature and unexhausted at the time he filed suit.

For the reasons stated above, Brewer's FTCA claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

### B. APA Claim

Brewer also asserts violations of the APA. (*See* ECF No. 2 at PageID 2-4.) The APA "sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992). It requires agencies to engage in "reasoned decisionmaking." *Michigan v. E.P.A.*, 576 U.S. 743, 750 (2015). The APA allows "any person 'adversely affected or aggrieved' by agency action to obtain judicial review thereof, so long as the decision challenged represents a 'final agency action for which there is no other adequate remedy in a court.'" *Webster v. Doe*, 486 U.S. 592, 599 (1988) (quoting 5 U.S.C. §§ 701–06).

The APA only provides for relief "other than money damages." *See* 5 U.S.C. § 702. It authorizes a reviewing court to:

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; [or] (B) contrary to constitutional right, power, privilege, or immunity . . . .

5 U.S.C. § 706(1)–(2); *see Darby v. Cisneros*, 509 U.S. 137, 143–47 (1993) (discussing the provisions and structure of the judicial-review sections of the APA). The statute is broad in scope and, absent some statutory or other exception, its "comprehensive provisions" provide the backup or default remedies for all interactions between individuals and all federal agencies. 5 U.S.C. §§ 702, 704; *Webster*, 486 U.S. at 599.

Brewer fails to plead facts showing that the BOP's decisions at issue here were was arbitrary and capricious, an abuse of discretion, or in violation of his constitutional rights. *See* Fed. R. Civ. P. 8. Further, Brewer seeks relief in the form of monetary damages.[2] *See* 5 U.S.C. § 702 (the APA is for relief "other than money damages"). To the extent that he seeks monetary damages, he has a potentially available remedy under the FTCA. *See* 5 U.S.C. § 704 (the APA is available only when "there is no other adequate remedy in a court"). Thus, for multiple reasons, Brewer fails to state a claim to relief under the APA, and his APA claim is **DISMISSED WITHOUT PREJUDICE**.

**C. <u>Fifth Amendment Claim</u>**

Brewer also alleges violations of the Fifth Amendment to the United States Constitution. (*See* ECF No. 2 at PageID 2–4.) The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Civil detainees who challenge the conditions of their confinement, including inadequate medical care, are protected by the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Coreas v. Bounds*, 451 F. Supp. 3d 407, 420 (D. Md. 2020) (citing *Youngberg v. Romeo*, 457 U.S. 307,

[2] Brewer couches his request for just and equitable relief in the form of monetary damages not to exceed $5,000,000. (ECF No. 2 at PageID 5.)

315 (1982)); *see D.N.N. v. Liggins*, No. 25-CV-01613, 2026 WL 632371, at *27 (D. Md. Mar. 6, 2026) (civil detainees "possess at least the same rights as convicted prisoners"). However, Brewer is not a civil detainee. As a convicted prisoner, he must raise any constitutional challenge to the medical care he receives during incarceration under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to the serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment).[3] For these reasons, Brewer's Fifth Amendment claim is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### D. Declaratory Judgment Act

Brewer seeks relief under the Declaratory Judgment Act. (*See* ECF No. 2 at PageID 2-4.) The Declaratory Judgment Act, with a few exceptions, allows "any court of the United States, upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. However, Brewer does not state the declaratory relief he seeks and thus has failed to state a claim to relief. *See* Fed. R. Civ. P. 8. Brewer's request for relief under the Declaratory Judgment Act is **DISMISSED WITHOUT PREJUDICE**.

### E. Amendment Under the PLRA

A district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to

---

[3] The letter denying Brewer's FTCA claim states, "to the extent you allege claims [of] deliberate indifference under the Eighth Amendment, constitutional claims are not cognizable under the FTCA's jurisdictional provision, and the United States is not liable for damages under the FTCA for suits arising out of constitutional violations." (*See* ECF No. 8-1 at PageID 22.)

have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The defect in Brewer's FTCA claim cannot be cured by amendment because he failed first to exhaust his administrative remedies. Also, as a prisoner, Brewer's Fifth Amendment claim fails. Therefore, leave to amend these claims is **DENIED**. However, the Court grants Plaintiff leave to amend his APA claim and his request for relief under the Declaratory Judgment Act under the guidelines set forth below.

**F. <u>Motion to Begin Discovery</u>**

Brewer seeks to begin discovery 2because he has been denied access to or copies of his medical records including, but not limited to, imaging studies, visit notes, and records from the specialist consultations. (ECF No. 14 at PageID 61.) Because Brewer's claims have been dismissed and the United States has not yet been served, discovery is premature at this time. Brewer's motion to begin discovery is **DENIED**.

## CONCLUSION

For the reasons set forth above:

A. Brewer's Fifth Amendment claim is **DISMISSED WITH PREJUDICE**, and leave to amend is **DENIED**.

B. Brewer's FTCA and APA claims and his request for relief under the Declaratory Judgment Act are **DISMISSED WITHOUT PREJUDICE**.

C. The Complaint is **DISMISSED** in its entirety for failure to state a claim to relief. *See* 28 U.S.C. § 1915A(b)(1).

D. The Motion to Begin Discovery (ECF No. 14) is **DENIED** as premature.

E. Leave to amend the FTCA and Fifth Amendment claims is **DENIED**.

F. Leave to amend the APA claim and the request for relief under the Declaratory Judgment Act is **GRANTED**. Amended claims must be filed within twenty-one (21) days after the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including, but not limited to, Rule 8's requirement of a short and plain statement of Plaintiff's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Plaintiff must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Plaintiff fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice.

G. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

H. If Plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the Court immediately, in writing, of his change of address. If Plaintiff fails to abide by these or any other requirements of this Order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED**, this 17th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE